IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

J Santos Rivera-Soto individually and on behalf of other employees similarly situated, Plaintiff
v.
Palatine Inn Restaurant, Inc., Jim Sarantopoulos, and Pete Sarantopoulos, individually, Defendants

## COMPLAINT

J Santos Rivera-Soto ("Plaintiffs"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act ("FLSA"), and 820 ILCS § 105/1 et seq., commonly known as the Illinois Minimum Wage Law ("IMWL"), complain against Palatine Inn Restaurant, Inc. ("Palatine Inn Restaurant"), Jim Sarantopoulos ("Jim"), and Pete Sarantopoulos, ("Pete") (collectively, "Defendants") and in support of this Complaint, states:

### Introduction

1. Overtime wages are required by the FLSA and the IMWL.

2. This action seeks redress for Defendants' failure to pay overtime wages.

3. Plaintiff and the persons he seeks to represent are Defendants' current and former employees whose job functions included preparing and cooking food at Defendants' restaurant.

### Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**The Parties**

7. Jim resides and is domiciled in this judicial district.

8. Pete resides and is domiciled in this judicial district.

9. Jim and Pete are the owners of Palatine Inn Restaurant.

10. Jim and Pete are involved in the day-to-day business operations of Palatine Inn Restaurant and have the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

11. Palatine Inn Restaurant is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1).

12. Defendants operate a restaurant located at 95 W. Northwest Highway, Palatine Illinois 60067.

13. Defendants are engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

14. Defendants had annual gross sales of $500,000.00 or more during the relevant employment period.

15. Defendants were Plaintiff's "employer" as defined by the FLSA.

16. Defendants were Plaintiff's "employer" as defined by the IMWL.

17. Plaintiff was Defendants' employee as defined by the FLSA.

18. Plaintiff was Defendants' employee as defined by the IMWL.

19. Plaintiff was employed by Defendants in Cook County, which is in this judicial district.

20. Plaintiff prepared and cooked food at Defendants' restaurant.

21. During the course of employment, Plaintiff handled goods that moved or that were intended to move in interstate commerce such as perishable food, products, equipment, and supplies.

22. Plaintiff was paid a weekly salary of $600.00 cash.

23. Plaintiff did not receive bonified meal breaks because his meal breaks were interrupted for work-related purposes.

24. Plaintiff worked for Defendants from approximately May 1979 to March 20, 2016.

### COUNT I: FLSA Overtime Wage Violation (Collective Action)

25. Plaintiff incorporates all preceding paragraphs of this Complaint.

26. Plaintiff's notice of consent to become a party plaintiff in a collective action under the Fair Labor Standards Act is attached hereto as Exhibit A.

27. Plaintiff and other similarly-situated employees were directed by Defendants to work more than forty (40) hours per week.

28. Throughout the course of Plaintiff's employment with Defendant, Plaintiff and other similarly situated employees worked more than forty (40) hours weekly in one or more individual work weeks.

29. Defendants did not pay Plaintiff and other similarly situated employees overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

30. Defendants paid Plaintiff and other similarly situated employees their respective regular rate for all hours worked weekly, including hours worked over forty each week.

31. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

32. Neither Plaintiff nor other similarly-situated employees are exempt from the overtime provisions of the FLSA.

33. Defendants' failure to pay overtime violated the FLSA.

34. Defendants' FLSA violation was willful.

35. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully request that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees over forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Court deems just and proper.

## **COUNT II: IMWL Overtime Wage Violation (Class Action)**

36. Plaintiff incorporates all preceding paragraphs of this Complaint.

37. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

38. Plaintiff brings this count as a class action under Fed.R.Civ.P. 23.

39. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

40. Defendants directed Plaintiff and the putative class to work more than forty (40) hours in individual work weeks.

41. Plaintiff and the putative class worked more than forty (40) hours in individual work weeks.

42. Defendants did not pay Plaintiff and the putative class overtime wages.

43. Rather than paying Plaintiff overtime wages, Defendants paid Plaintiff and the putative class their regular rate for all hours worked each week.

44. Plaintiff and the putative class were not exempt from overtime wages.

45. Defendants violated the IMWL by failing to compensate Plaintiff and the putative class consistent with the IMWL's overtime wage provisions.

46. Defendants employed more than forty (40) individuals in similar positions in the State of Illinois in the last three (3) years.

47. This count is brought as a class action because the proposed class members similarly-situated to Plaintiff are so numerous that joinder of all members is impracticable. Therefore, Plaintiff bring this action on his own behalf and on behalf of other aggrieved employees, in a representative capacity, against Defendants.

48. Plaintiff and other vehicle detailers are equally affected by Defendant's overtime wage violations, and the relief sought is for the benefit of the Plaintiff named in this lawsuit and the class that Plaintiff seek to represent.

49. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

50. Plaintiff and the putative class on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought: owed overtime wages, statutory damages, attorneys' fees, and the costs of this lawsuit.

51. Plaintiff believes and asserts that he is able to fairly and adequately represent and protect the interests of the class.

52. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in a multiplicity of lawsuits and would create a hardship to the individuals, to the Court, and to Defendants. Thus, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

53. Defendants violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

54. Pursuant to 820 ILCS 105/12(a), Plaintiff are entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**s/ Valentin T. Narvaez**
One of Plaintiff's attorneys

Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com